UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICARDO B. MEDINA,

    Plaintiff,

v.                                           CIV 04-1236 LCS/KBM

DR. FRANCIS J. HARVEY, Secretary,
Department of the Army, in his official capacity,

    Defendant.

# MEMORANDUM OPINION AND ORDER ON MOTION TO COMPEL AND REQUEST FOR ATTORNEY FEES

This matter is before the Court on Plaintiff's motion to compel addresses and telephone numbers of the twelve present and former White Sands Missile Range and Army employees Defendant identified as likely to have discoverable information. In its initial disclosures, Defendant indicated that all of these witnesses could be reached through counsel and did not provide addresses and phone numbers. *See* FED. R. CIV. P. 26(a)(1)(A). Plaintiff's counsel wants that information so that he may communicate with the witnesses without having opposing counsel present. *See Doc. 19; see also Doc. 27*; *Doc. 23* at 12 (if Plaintiff's counsel simply wanted to depose these individuals, there would be no need for this motion, since Defendant "will make them available for depositions").[1]

---

[1] Defendant notes that Medina is still employed at White Sands, and therefore he could find these witnesses' work addresses and telephone numbers in a directory. His ability to find this information, however, does not resolve what is at issue here -- the ability of his attorney to talk to the witnesses. As for the home addresses, Defendant takes the position that the Privacy Act, 5 U.S.C. § 552a requires Court authorization before they can be provided. *See Doc. 23* at 12.

Plaintiff believes that Defendant's position is grounded in the alleged attorney-client privilege. If that is the case, assuring the presence of Defendant's counsel during any interviews would permit the privilege to be better preserved and prevent disclosure of confidential communications. Thus, limiting access to any of the employee witnesses by requiring contact through opposing counsel could promote those objectives. *See Doc. 23.*

Insofar as Defendant is construed as invoking the attorney-client privilege, Defendant fails to specifically address the extent to which each of the former managerial employees had access to confidential, privileged information. Rather, Defendant simply relies on the position each witness holds or held during the relevant time period. Thus, Defendant has fails to demonstrate that direct contact with the proposed witnesses even implicates violation of the attorney-client privilege.

Unlike Plaintiff, however, I do not read Defendant's position as merely relying on protecting attorney-client privilege. *See Doc. 27* at 7. Indeed, that privilege protects communications rather than classes of people. As I understand it, Defendant contends that by virtue of their job descriptions showing "managerial" duties, these former and current employees "speak for their employer" and, as such, cannot ethically be approached directly by opposing counsel under New Mexico Rule 16-402. That rule provides:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized by law to do so. ***Except for persons having managerial responsibility on behalf of the organization*, *an attorney is not prohibited from communicating directly with employees of [an] entity about the subject matter of the representation even though the [entity] itself is represented by counsel.***

2

N.M. RULES OF PROFESSIONAL CONDUCT 16-402 (emphasis added).  The rule does not define "managerial responsibility," nor have I found any state, Tenth Circuit, or District of New Mexico caselaw that define the phrase.  Moreover, neither party has cited any such authorities.

ABA Model Rule 4.2 prohibits an attorney from communicating with a "person" who is represented by a lawyer unless a court so orders or the person's lawyer consents.  The rule does not specifically mention organizations, but commentary to the rule has "yielded what has come to be known as the 'managing-speaking' test, prohibiting informal contacts with anyone who was a manager of the company or who could speak for the company."[2]  In adopting their own Rules of Professional Conduct, some States have included this commentary into their own version of the rule.  *See, e.g., Weeks v. Independent Sch. Dist.,* 230 F.3d 1201, 1208 (10th Cir. 2000), *cert. denied,* 532 U.S. 1020 (2001); *Hammond v. City of Junction City,* 167 F. Supp. 2d 1271, 1281 (D. Kan. 2001).

New Mexico "comment to model rules" also incorporates an "ABA Comment," that sets forth the "managing-speaking" test.  That is, an attorney cannot communicate with: (1) persons "having a managerial responsibility on behalf of the organization;" ***and*** (2) "any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability[3] ***or*** whose statement may constitute an admission on the organization."  N.M. RULES OF PROFESSIONAL CONDUCT 16-402 (emphasis added).

---

[2] ABA ANN. MODEL RULES OF PROFESSIONAL CONDUCT, Rule 4.2 (5th ed. 2003) (annotation entitled "When the Represented Person is an Organization," available on Westlaw in ABA-AMRPC database) (emphasis added) (hereinafter "ABA Rule").

[3] Defendant notes that several of the employee witnesses actually served as members of the selection panel which Plaintiff contends discriminated against him.  Plaintiff has not responded to the argument that this serves as another basis to preclude *ex parte* contact with such witnesses.

Thus, New Mexico's rule requires that opposing counsel not engage in *ex parte* communications with employees whose status is such that they "speak for" their organizations. Defendant maintains that its exhibit detailing job descriptions for each of the identified individuals demonstrate "significant and substantial managerial authority" sufficient to establish that these individuals qualify as "managerial" employees under the rule. *Doc. 23* at 8; *see also Doc. 25* (and exhibits thereto). I disagree that a simple inquiry into job descriptions will suffice to meet the required showing. As the Tenth Circuit explained in construing a virtually identical state professional rule,

> citations [to a school's code and labor-management agreement that defines which employees are classified as "support" or "managerial"] are unpersuasive. . . . [T]hose [sources] have entirely different purposes than the professional conduct rule governing *ex parte* communications. . . [and] they provide no assistance in discerning which employees are covered . . . because the test for determining whether an employees fall within the scope of the [*ex parte* communication rule] is not strictly whether the employee is designated as "supervisory" or as a "support employee." Rather, the test refers to agency principles and asks whether the employee has management speaking authority such that he or she could bind the [organization].

*Weeks,* 230 F.3d at 1210. The *Weeks* opinion further indicates that FED. R. EVID. 801(d)(2)(D) provides guidance by analogy for the relevant inquiry – whether the employee is vested with "'speaking authority' such that they could bind the [employer] in the legal evidentiary sense." *Id.* at 1209.

Plaintiff first contends that only "those individuals who basically control and run the Army, like the Secretary" fall within Rule 16-402, *see Doc. 19* at 2, and Defendant counters that all of the witnesses fall within it, *see Doc. 23* at 8. Later in the briefing, however, ***relying solely on the***

4

*job descriptions*, Plaintiff concedes that two of the twelve employees probably qualify as "managerial," and Defendant acknowledges that three others may not qualify as "managerial." *See Doc. 23* at 8; *Doc. 27* at 2-3.

However, examination of the job descriptions and GS levels alone constitutes an insufficient inquiry under the *Weeks* analysis, and there is nothing in the record that indicates the parties have considered anything other than those materials. On their face, the materials do not conclusively support a finding one way or the other. Furthermore, none of the authorities cited by Defendant stand for the proposition that each of *these* employees in this *particular* organization can bind the organization by his or her statements as defined above. *See Hammond,* 167 F. Supp. 2d at 1284-86 (noting "managerial" has not been defined, citing cases where various positions had been construed as managerial, but test is not simply whether the employee supervises others, and "speaking for" is a separate inquiry).

Since the evidence in the record is not directed at the proper inquiry, I instruct counsel to confer and reevaluate their positions in light of the above interpretation of the correct inquiry, for *all present employees.* I fully expect the parties to resolve this issue on their own, either by applying the correct inquiry to the circumstances of each witness, or by reaching an amicable compromise.

As for former employees, the ABA's commentary provides that *former employees can be approached* without the consent of the organization's attorney. ABA RULE 4.2 (comment seven). New Mexico's rule concerning "managers" only applies to present employees, and its commentary does not mention former employees at all. I am unpersuaded that statements now made by *former* managerial employees would constitute a "party admission" exception to the rule

5

excluding hearsay or otherwise "bind" the corporate Defendant. I have so held in the past and only required counsel to be present during interviews of those former employees because of extraordinary circumstances not present here. *See Chee v. Southwest Hyundai, Inc.,* CIV 00-248 WWD/KBM (*Doc. 24* at 2-3, filed 7/20/00); *see also id.* (*Doc. 73* at 2, filed 12/14/00; *Doc. 90* at 1-2, filed 1/9/01).

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiff's motion *(Doc. 19)* is **granted** as to former employees,[4] and **denied** at this time without prejudice as to present employees.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney fees is **denied.**

**IT IS FINALLY ORDERED** that counsel reevaluate their positions, confer within fifteen days of the date of this Order, and then advise the Court of the outcome.

*/s/ Karen B. Molzen*
UNITED STATES MAGISTRATE JUDGE

---

[4] The Privacy Act imposes no privilege bar to disclosing this information. *See Doc. 27* at 10; s*ee also Weahkee v. Norton,* 621 F.2d 1089, 1082 (10th Cir. 1980) ("The EEOC objected to Weahkee's request for discovery because the Privacy Act . . . prohibits release of personnel files without a court order. This objection, however, does not state a claim of privilege; a court order is merely one of the ꞌconditions of disclosure.' . . . A court order under FED. R. CIV. P. 37 in response to Weahkee's motion to compel discovery would meet the standards of that Act.")