IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICARDO B. MEDINA,**

        **Plaintiff,**

vs.                                                            No. CIV 04-1236 LCS/KBM

**DR. FRANCIS J. HARVEY,**
**Secretary, DEPARTMENT OF**
**THE ARMY,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Defendant's Motion for Summary Judgment [Docket #58] filed October 11, 2005.  The Court, acting upon consent and designation pursuant to 28 U.S.C. § 636(c), and having reviewed the Motion and considered the submissions of counsel, relevant authorities, and being otherwise fully advised, finds that this Motion is not well-taken and should be **DENIED**.

      **I.**      **Background**

      The following summary of facts is set forth in the light most favorable to Plaintiff, with all reasonable inferences from the record drawn in his favor.  *See Clanton v. Cooper*, 129 F.3d 1147, 1150 (10th Cir. 1997).  Plaintiff, born on January 27, 1946, has been employed as a Supervisory Electronics Engineer, GS-0855-14, at the Army's White Sands Missile Range since 1997 [Pre-Trial Order; Docket #84].  On or about May 19, 2003, Mr. Medina was referred, with ten other candidates, for a promotion to Supervisory General Engineer, GS-0801-15, in the position of Chief of Applied Sciences Division, Systems Test and Assessment Directorate, White Sands Missile Range Test Center.  Id.  The selecting official for this action was Mr. John Jensen, then

the Director of the Systems Test and Assessment Directorate. Id.

Mr. Jensen recruited two other Test Center employees, Vicki Reynolds and Mario Correa to serve with him on the panel and to recommend a candidate for promotion. All panel members held positions in the grade of GS-15. Id. The panel members reviewed each candidate's application based on five criteria. Plaintiff's application received an average score of 34 points out of a maximum of 45 points. The selectee, Richard Martinez, received an average score of 36 points. Id.

The three-member panel also conducted in-person interviews of the candidates, including Plaintiff. The panel asked each interviewee a series of four questions. Plaintiff received an average of 27.67 points out of a maximum of 40 at the interview. Mr. Martinez received a total of 32.67 points. Id. Mr. Martinez's total score for the selection process was 68.67 points, the highest score of all the candidates interviewed. Plaintiff received a score of 61.67, the third highest among the interviewees. Id. Plaintiff learned he had not been selected for the promotion on or about July 24, 2003.

This matter arises from a dispute about whether White Sands Missile Range ("WSMR") engaged in a policy of age discrimination against Plaintiff when it selected candidate Richard Martinez for promotion. Defendant claims it had legitimate, nondiscriminatory reasons for selecting Mr. Martinez for the open position. It states that each candidate underwent an identical interview and selection process, based first on WSMR's "Resumix" program, and second on an in-person interview. [Def. Ex. 2] Defendant asserts that the decision to promote Richard Martinez was based solely on an age-neutral, numerical scoring system used by the three-member panel. It further asserts that the panel members did nothing to manipulate the system to exclude

2

Plaintiff from selection and that Mr. Jensen did not ask either of the other panel members to change or in any way alter their scores. [Def. Ex. 1, 2].

Plaintiff argues that WSMR engaged in a policy of discrimination against older employees by promoting younger, less-qualified employees to the exclusion of older individuals, and that his failure to receive a promotion was a result of this ongoing policy. Mr. Medina further claims that WSMR's selection process regulations were not followed in deciding the promotion at issue and that numerous individuals can testify he was the more qualified candidate and that WSMR engaged in a policy of discrimination against older members of its workforce. [Docket #84].

**II.     Standard**

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact." *Id.* When applying this standard, the Court examines the record and reasonable inferences in the light most favorable to the non-moving party. *See Simms v. Oklahoma ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).

The Movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). The

3

Movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case.  *See Celotex v. Catrett*, 477 U.S. 317, 323 (1986).  When the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment state be identifying "a lack of evidence for the non-movant on an essential element of the non-movant's claim."  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 644, 671 (10th Cir. 1998).  Once the Movant meets this burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter.  *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

**III.   Analysis**

This action arises under the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 633a.  When examining a claim of employment discrimination under the ADEA, the Tenth Circuit applies the three-step burden shifting framework outlined by the Supreme Court in *McDonnell Douglas*.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800-07, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir. 2005).  Under this analysis, the employee must first establish a prima facie case of prohibited employment action.  *Id.*  Once the employee sets out the prima facie case, the burden shifts to the employer to state a legitimate "nondiscriminatory reason" for its "adverse employment action."  *Id.*; *see also Wells v. Colo. Dep't of Transp.*, 325 F.3d 1205, 1212 (10th Cir. 2003).  If the employer meets this burden, summary judgment will be appropriate unless the employee can show a genuine issue of material fact as to whether the proffered reasons are pretextual.  *Id.*; *see also Jones v. Denver Post Corp.*, 203 F.3d 748, 756 (10th Cir. 2000).

To establish a prima facie case, Mr. Medina must demonstrate: 1) he was a member of the

protected class; 2) he applied for and was qualified for the position; 3) despite being qualified he was rejected; and 4) after he was rejected, the position was filed by someone outside the protected class. *MacKenzie v. City & Cty. of Denver*, 414 F.3d 1266, 1278 (10th Cir. 2005); *see also Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000). I am convinced that Plaintiff has established his prima facie case. He was over forty years old, and therefore within the protected class within the meaning of the ADEA. He applied for the position in question and Defendant does not dispute that he was qualified for that position. Mr. Medina was also rejected for the position which was ultimately given to Richard Martinez.

Defendant argues that Plaintiff's prima facie case fails on the fourth prong, namely, whether the position was given to someone outside the protected class. Defendant argues that, because Mr. Martinez was 48 years old at the time of his promotion, he was within the protected class and further that even if this criterion is ignored, Mr. Martinez was too close in age to the Plaintiff to make out a prima facie case of age discrimination. I disagree with Defendant's argument.

The Supreme Court has held that the language of § 623(a)(1) does not prohibit discrimination against employees "because they are aged 40 or older; it bans discrimination against employees because of their age, but limits the protected class . . . The fact that one person in the protected class has lost out to another person in the protected class is thus irrelevant, so long as he has lost out *because of his age*." *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 311-12, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996). The Court held only that the inference of discrimination "cannot be drawn from the replacement of one worker with another worker *insignificantly* younger." *Id.* at 313. (emphasis added).

5

With respect to Defendant's claim that Mr. Martinez was insignificantly younger than Mr. Medina due to an age difference of only nine years, I note that the Tenth Circuit has recently considered and rejected this argument. *See Whittington v. Nordham Group, Inc.*, __F.3d__, 2005 WL 3164691 (10th Cir., Nov. 29, 2005). In *Whittington*, the Court declined to establish a bright-line rule that an age difference of five years was *per se* insignificant for purposes of an age discrimination claim. *Id.* The Court noted that "the extent of the age difference between comparable employees is obviously relevant to the ultimate question of age discrimination." *Id.* However, it went on to hold that "a definitive five-year rule is unjustified. We are not convinced that all five-year age differences are the same." *Id.* Based on *Whittington*, I reject Defendant's argument that the nine-year age difference in the present case was insignificant and find that Plaintiff has made out his prima facie case of discrimination.

The burden thus shifts to Defendant to articulate a "legitimate, nondiscriminatory reason" for the challenged employment action. *Miller v. Eby Realty Group, LLC*, 396 F.3d 1105, 1111 (10th Cir. 2005) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)). Defendant claims it selected Mr. Martinez for the position because he received the highest score on the specific job-related criteria measured by the panel and because of Mr. Martinez's specific knowledge, management abilities, and communication skills. [Docket #59]. I find that Defendant has set forth a legitimate reason for the challenged action such that Plaintiff must show that Defendant's reason is merely a pretext for unlawful discrimination. *Reeves*, 530 U.S. at 143, 120 S.Ct. 2097.

A Plaintiff may typically demonstrate pretext by revealing "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered

6

legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997). A plaintiff's prima facie case, combined with "sufficient evidence to find the employer's asserted justification is false," may permit the trier of fact to conclude the employer unlawfully discriminated. *Reeves*, 530 U.S. at 148, 120 S.Ct. 2097.

As evidence of pretext, Plaintiff provides a number of affidavits from current and former WSMR employees indicating a policy of discrimination based on age. Several of these individuals pointed to an apparently oft-repeated phrase that WSMR wanted "younger blood" and "needed to get rid of its aging workforce." [Pl. Ex. 1, 10, 11] Various employees also indicated they had been reprimanded by John Jensen for selecting older employees for promotions [Pl. Ex. 10] and several stated Mr. Jensen had "expressed the opinion older workers could not learn new technology" [Pl. Ex. 9] and that "the younger workers were smarter." [Pl. Ex. 11]. If true, such statements indicate at least the possibility of pretext within the meaning of *Reeves* and its progeny.

The Court is aware that "[e]vidence demonstrating discriminatory animus in the decisional process needs to be distinguished from stray remarks in the workplace." *Clearwater v. Indep. Sch. Dist. No. 166*, 231 F.3d 1122, 1126 (8th Cir. 2000). However, it is apparent that numerous comments were allegedly made by Mr. Jensen, an individual with decisionmaking authority. [Pl. Ex. 1, 9, 10, 11]. Statements by persons with decisionmaking power are more suggestive of discriminatory animus. *See Reeves*, 530 U.S. at 151, 120 S.Ct. 2097; *see also Carter v. Newman Memorial Cty. Hosp.*, 49 Fed.Appx. 243, 245-46 (10th Cir. 2002). The Court is also well aware that its role is to "prevent unlawful hiring practices, not to act as a super personnel department that second guesses employers' business judgments." *Kendrick*, 220 F.3d at 1233; *see also*

*Simms*, 165 F.3d at 1330.  However, I believe Plaintiff has raised a triable issue as to whether the practices at WSMR amount to age discrimination.

### Conclusion

Upon review of the evidence presented on Defendant's Motion for Summary Judgment, I have determined that genuine issues of material fact exist on Plaintiff's age discrimination claims. As such, Defendant's Motion for Summary Judgment will be **DENIED.**

**IT IS SO ORDERED.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**