IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICARDO B. MEDINA,

       Plaintiff,

       vs.                         NO. CIV 04-1236-LCS/KBM

DR. FRANCIS J. HARVEY
SECRETARY, DEPARTMENT OF
THE ARMY,

       Defendant.

## PLAINTIFF'S PRELIMINARY REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

COMES NOW the Plaintiff, RICARDO B. MEDINA, by and through his attorney of record and submits his preliminary request for findings of fact and conclusions of law.

## I. INCORPORATION

Plaintiff incorporates the stipulated facts in the Joint Pre-Trial Order as though restated in full.

## II. PLAINTIFF'S PROPOSED FINDINGS OF FACT

1. The Defendant engages in a pattern and practice of age discrimination regarding promotions at White Sands Missile Range ("WSMR").

2. The Defendant uses age as an impermissible factor in promotions.

3. The Defendant has an unwritten policy to use age as a factor in promotion.

4. The Defendant removed Joseph Ambrose as a selecting official when he refused to consider age as a factor in making promotion decisions.

5. High-ranking government officials at WSMR have repeatedly stated that WSMR

needs "younger blood".

6.  High-ranking government officials at WSMR have repeatedly stated that WSMR needs to "get rid of it's aging workforce."

7.  The Defendant has made numerous ageist comments which prove an age animus towards Defendant's older employees.

8.  Defendant's ageist comments are direct evidence of age discrimination.

9.  The Defendant's ageist comments are "other evidence" of age discrimination.

10.  The Defendant did not properly consider Plaintiff's job description, which clearly shows "long range planning" as a duty the Plaintiff successfully performed.

11.  The Defendant gave improper weight to the KSA (knowledge, skills, and abilities) of "long range planning".

12.  The Defendant used a subjective question,  to discriminatorily lower the Plaintiff's interview scores.

13.  The subjective and fourth interview question was,    "What experience or qualifications should we know about, that was not in your resume?".

14.  During the interview, Plaintiff told the selecting committee that he was currently doing the ASD job for which he was seeking the promotion.

15.  The selecting committee failed to give the Plaintiff credit for serving a detail as the Chief of ASD.

16.  The Selecting Official and the Review Panel members  gave Richard Martinez, the comparator/selectee,  a high score on the fourth subjective interview question, by improperly considering non-job related criteria that was not supposed to  be considered.

17.  The RESUMIX System is a "failed system," which is easily manipulated.

18.  John Jensen,  the Selecting Official, should not have been on the Review Panel according to Defendant's own regulations.

19.  Richard Hays, the former Chief of Applied Sciences Division (ASD), drafted four KSAs (which is knowledge, skills, and abilities) necessary for the ASD Chief's position.

20.  The four KSAs outlined by the former ASD Chief, Richard Hays, are as follows:

a) knowledge of testing, evaluation, and material acquisition process;

b) ability to manage a technical organization;

c) knowledge of environmental and special effects testing to include climatic dynamics, warhead/explosive effects, and instrumentation/data collection systems and ammunition management;

d) ability to communicate orally and in writing.

21.  The fifth KSA of "long range planning" was added by John Jenson, the Selecting Official.

22.  The fourth interview question, "What experience or qualifications should we know about, that was not in your resume?", was determinative of who was ultimately selected for the job.

21.  The Selecting Official and the Review Panel Members were not to consider what was already on a candidate's RESUMIX, but improperly did so in scoring the selectee's answer to the fourth interview question.

22.  The Plaintiff was qualified to perform the job of ASD Chief.

### III.  PLAINTIFF'S PROPOSED CONCLUSIONS OF LAW

1.  This action is brought under the Age Discrimination and Employment Act of 1967 and as amended, 28 USC § 626 (b).

2.  Plaintiff exhausted all administrative remedies prior to the filing of Plaintiff's complaint.

3.  Plaintiff is entitled to be made whole and to receive any and all relief as allowed by law.

4.  Plaintiff is entitled to injunctive relief in order to prevent further occurrence of discriminatory actions against him.

5.  Plaintiff has proven age discrimination by direct evidence.

6.  Plaintiff has proven by a preponderance of the evidence that, (1) he is a member of a protected class (age 40 or over); (2) that the Defendant took and adverse personnel action against him; and (3) there was a causal connection between Plaintiff's age and the adverse action.

7.  The articulated reasons given by Defendant for the actions taken against Plaintiff were not legitimate and are not legally sufficient as recognized by *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 25 FEP 113 (1981).

8.  Defendant's articulated reasons for the actions taken against Plaintiff were pretextual.

9.   Plaintiff is entitled to back pay and benefits not previously restored to Plaintiff.

10.  Plaintiff is entitled to attorney's fees and costs.

11.  Plaintiff is entitled to prejudgment and post-judgment interest.

12.  Plaintiff has proven that the Defendant has a pattern and practice of age discrimination regarding promotions.

13.  The Defendant has made numerous ageist comments which are other evidence of age discrimination as recognized by *O'Connor v. Consolidated Coin Caterers Corp.,* 517 U.S. 308 (1996).

Respectfully submitted,

*Filed electronically*  01/03/06
Rebecca L. Fisher            SBOT 00790687
Rebecca L. Fisher & Associates
P. O. Box 417
McGregor, TX.  76657
Telephone (254) 840-0220
Facsimile (254) 840-0219

Michael Schwarz
P.O. Box 1656
Santa Fe, NM. 87504-1656

ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF SERVICE

_____I hereby certify that a true and correct copy of the Plaintiff's Preliminary Request for Findings of Fact and Conclusions of Law has been sent to Defendant's Counsels by regular first class mail and/or facsimile on this the 3rd  day of January  2006.

Phyllis A. Dow
U.S. Department of Justice
P. O. Box 607
Albuquerque,  New Mexico 87103

Louise A. Schmidt, Esq.
U.S. Army Litigation Division
901 N. Stuart Street, Suite 700
Arlington,  Virginia 22203-1837

*Filed electronically 01/03/06*
_____Rebecca L. Fisher