IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICARDO B. MEDINA,**

        **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　**No. CIV 04-1236 LCS/KBM**

**R.L. BROWNLEE, ACTING SECRETARY
OF THE ARMY,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion for Consolidation (Docket # 96) filed on January 4, 2006. The Court, having considered the motion, relevant law, and being otherwise fully informed, finds that the Motion is not well-taken and will be **DENIED**.

### I.   PROCEDURAL HISTORY

The Complaint in this matter, alleging a violation of Plaintiff's rights under the Age Discrimination in Employment Act of 1967, was filed on October 29, 2004. (Docket #1 at 1.) The parties exchanged initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) in March, 2005 (Docket #12, 13), and have since completed the discovery process.

The Court has generously extended deadlines on many occasions in this matter. Due to several personal obligations on the Plaintiff's part, the parties jointly requested and received an extension of the discovery deadline from August 8, 2005 to September 2, 2005. (Docket # 41, 42.) Because of certain time constraints on the part of the Defendant, the Court granted a joint request to extend the deadline to file pretrial motions from September 30, 2005 to October 11,

2005. (Docket # 55, 57.) There have also been extensions of time to respond to a motion to compel initial disclosures (Docket # 20, 21), to respond to interrogatories and requests for production (Docket # 32, 34), to both file and respond to a motion to compel discovery (Docket # 50, 53, 54, 56), and to respond to a motion for summary judgment (Docket # 65, 70).

This matter has been set for a bench trial since April 28, 2005. (Docket # 26.) The related case, *Garay v. Harvey*, CIV No. 05-1256, was only recently filed on December 1, 2005. (Docket # 1; 05CV1256.) Defendant received notice of the new case on December 9, 2005, and notified the Court of its intention to move to consolidate the two cases on December 22, 2005 -- less than three weeks before the scheduled trial. (Docket # 93.) Defendant filed its Motion to Consolidate and accompanying Memorandum on January 4, 2006. (Docket # 96, 97.)

## II.   LAW ON MOTIONS TO CONSOLIDATE

Motions to consolidate are governed by FED. R. CIV. P. 42, which states:

(a) **Consolidation.** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.
(b) **Separate Trials.** The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

FED. R. CIV. P. 42(a)-(b).

"Thus, [w]here the subject matter of the claims made in separate actions arise out of the same transaction and involve common issues of law and fact, the actions have been consolidated where the rights of the parties will be adequately protected." *Nieto v. Kapoor*, CIV No. 96-1225,

Doc. 469 at *8 (quoting *Harris v. Illinois-California Express, Inc.*, 687 F. 2d 1361, 1368 (10th Cir. 1982) (citation omitted)).  "Once the Court has determined that there are common questions of law or fact, it 'should then weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause.'"  *Id.* (quoting *Servants of the Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D. N. M. 1994) (citing *Southwest Marine, Inc. v. Triple A. Mach. Shop. Inc.*, 720 F. Supp. 805, 807 (N. D. Cal. 1989))).  The decision to consolidate is within the sound discretion of the trial court.  *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

### III.   ANALYSIS

In both cases at issue, the Plaintiffs allege that they were not selected for an identical position at White Sands Missile Range ("WSMR") based solely on illegal age discrimination.  (*See* Doc. 93 at 2.)  The complaints were filed approximately a year apart because after completing the necessary administrative processes with the Department of Defense, Plaintiff Garay chose to participate in an additional Fact-Finding Conference while Plaintiff Medina opted to immediately bring suit in this Court.  (*Id.*)  Thus, based on a cursory examination of the complaints, it does appear that the two cases share common questions of law and fact that would meet the requirements of FED. R. CIV. P. 42(a).  Despite the common questions, at least three factors weigh against consolidation.

First, while the cases share common issues, the situations are not identical; Mr. Garay will surely want time for claim-specific discovery and other pretrial motions.  Such delay would result in added costs for all parties and would not conserve the Court's resources.  *See Servants of the Paraclete*, 866 F. Supp. at 1572.  Second, any delay while discovery remains open will prejudice Mr. Medina's case, which is days away from its scheduled trial: witnesses may become

unavailable, memories of the events will become stale, and Mr. Medina's potential recovery may be frustrated. "Federal courts have declined to consolidate cases involving common questions of law or fact where the cases were at different stages of preparedness for trial and where consolidation would delay the case ready for disposition." *Id.* at 1573 (citations omitted).

Defendant argues that FED. R. CIV. P. 19(a) requires the Court to join Mr. Garay in this action. I disagree. The Advisory Committee Notes following Rule 19 discuss a similar situation, that of a party moving to dismiss a case for failure to join an absent person. The Notes state, "[the moving party's] undue delay in making the motion can properly be counted against him as a reason for denying the motion. A joinder question should be decided with reasonable promptness . . . ." Defendant may not have received Mr. Garay's Complaint until December 9, 2005, but it almost certainly had notice of the claim long before – Mr. Garay had been pursuing his administrative remedies with Defendant for some time prior to filing his Complaint in this Court. (*See* Docket # 96.) Defendant therefore had ample opportunity to move to stay this matter pending the outcome of administrative proceedings in Mr. Garay's case. Joinder of Mr. Garay is simply not feasible as a result of Defendant's undue delay in waiting until the eve of trial to file this motion.

In view of these factors, I will exercise my discretion to deny Defendant's Motion to Consolidate.

**WHEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Consolidate is **DENIED**.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**