## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

RICARDO MEDINA,

       Plaintiff,

vs.                                     No. CIV 04-1236 LCS/KBM

DR. FRANCIS J. HARVEY, Secretary,
DEPARTMENT OF THE ARMY,

       Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Join Plaintiff Andrus Garay [*Andrus Garay v. Department of the Army*; 05cv1256 JP/LFG] for Remedy Determination [Docket #106] filed February 15, 2006.  The Court having considered the Motion, relevant law, and being otherwise fully advised, finds that Defendant's Motion should be **GRANTED IN PART**.

    I.      **PROCEDURAL HISTORY**

The Complaint in this matter, filed on October 29, 2004 [Docket #1], alleged a violation of Plaintiff's rights pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA"). The case was initially set for trial on April 28, 2005 [Docket #26].  On December 1, 2005, Mr. Andrus Garay filed a Complaint in this Court alleging violations of the ADEA which arose from the same incident giving rise to Mr. Medina's claim.  On January 4, 2006, Defendant filed a Motion to Consolidate the present case with Mr. Garay's claim.  The Court denied this Motion as untimely.  [Docket #98]

This matter came before the Court for a Bench Trial on January 9-11, 2006.  Following

the trial, the Court announced its ruling from the bench, finding that Mr. Medina had shown Defendant discriminated against him in violation of the ADEA. The Court did not determine the appropriate remedy at that time, but set the matter for a hearing to determine damages on February 22, 2006. Shortly following this setting, Defendant filed the present Motion to Join Plaintiff Andrus Garay for purposes of determining damages. A hearing was held on this Motion on February 22, 2006 in which Mr. Garay, though counsel, participated.

## REMEDIAL PURPOSE OF ADEA

It is well-established that remedies under Title VII constitute equitable awards which are intended to advance the dual statutory goals of 1) eliminating the effects of past discrimination and 2) preventing future discrimination. *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975). While the remedies available under the statute are intended "to make persons whole for injuries suffered on account of . . . discrimination" *id.*, the statute also contains a punitive component to be directed against the discriminating entity, allowing the court to employ whatever remedies are necessary to achieve the public policy interests at issue. *See Franks v. Bowman Transp. Co.*, 424 U.S. 747, 762-68, 96 S.Ct. 1251, 1262-63, 47 L.Ed.2d 444 (1976). In fashioning a remedy it is the duty of this Court to fashion "the most complete relief possible." *Albemarle*, 422 U.S. at 421, 95 S.Ct. at 2373.

## APPROPRIATENESS OF JOINDER

Defendant moves pursuant to FED. R. CIV. P. 19 to join Mr. Garay for determination of the appropriate remedies in this case. It claims joinder is mandated pursuant to Rule 19(a)(2)(ii) because a determination of damages without Mr. Garay will leave it open to potential double obligations. Defendant may face double obligations in the event that both Plaintiffs recover and

only one (either Mr. Medina or Mr. Garay) is entitled to a remedy. To determine whether joinder is appropriate, I must consider what remedies are available to each Plaintiff.

Mr. Medina argues he is entitled to full relief irrespective of any relief to which Mr. Garay may be entitled. He contends that this Court has already found Defendant discriminated against him and, as such, he is entitled to all the remedies and damages allowed by the ADEA. Plaintiff's argument has much to recommend it. It does appear somewhat inequitable that Plaintiff, after having tried and won his case, should be forced to compete with another Plaintiff for a remedy. However, an examination of analogous cases convinces me that this is the most appropriate course to follow in fashioning a remedy in this matter.

The Tenth Circuit does not appear to have previously considered a fact pattern directly apposite to the one at issue here. Plaintiff cites to *Pitre v. Western Electric Co., Inc.*, 843 F.2d 1262 (10th Cir. 1988) and *Blim v. Western Electric Co., Inc.*, 731 F.2d 1473 (10th Cir. 1984) for the proposition that multiple plaintiffs may recover when there has been a failure to promote due to a violation of Title VII. I believe these cases are distinguishable from the present case in that neither dealt with a small number of plaintiffs all seeking one and the same promotion.[1] The most closely analogous case I have examined is that of *Dougherty v. Barry*, 869 F.2d 605 (D.C. Cir. 1989) in which various discrimination actions were consolidated and in which a number of plaintiffs were all seeking one of two promotions.

---

[1]*Pitre* involved a class action for gender discrimination in which the Court fashioned a remedy of pro rata compensation for the class. The Court in *Pitre* noted that where "any attempt to predict where any individual victim would be . . . absent discrimination is mere guess work" the fashioning of a group remedy is appropriate. Such is not the case before this Court which involves two discrete individuals and a discrete instance of discrimination. In *Blim*, a group of employees brought an action for age discrimination after they were not repromoted to their former positions. This case is distinguishable because there were apparently numerous positions to which each of the plaintiffs could have been repromoted and because all the plaintiffs had previously held the position sought.

The district court in *Dougherty* granted full monetary relief to the several plaintiffs in the form of back pay and an annuity adjustment. *Id.* at 609. The district court reasoned that the defendants had failed to show that "any particular plaintiff would not have been promoted absent discrimination." *Id.* The court further believed that dividing the monetary value of the promotions among the several plaintiffs would fail to make them whole. *Id.* The Court of Appeals affirmed in part holding that, once the plaintiffs proved they had been subjected to disparate treatment, defendants had the burden of showing by clear and convincing evidence that each plaintiff was not entitled to relief because "he would not have received one of the promotions even absent discrimination." *Id.*; *see also Int'l Bd. of Teamsters v. United States*, 431 U.S. 324, 361-62, 97 S.Ct. 1843, 1867-68, 52 L.Ed.2d 396 (1977).

However, the court of appeals also rejected the district court's ruling that all plaintiffs were entitled to the full value of the promotion. *Id.* at 614-15. The Court noted that "[d]ividing the value of the promotions among appellees more closely approximates the goal of 'recreat[ing] the conditions and relationships that would have been had there been no' unlawful discrimination." *Id.* at 615 (quoting *Teamsters*, 431 U.S. at 372, 97 S.Ct. at 1873). The Court went on to advise the parties that, had the district court been able to determine with certainty which of the two appellees would have received the promotion, "the proper course would have been to award those two appellees full relief and to award no relief to the other appellees." *Id.*; *see also Harbison v. Goldschmidt*, 693 F.2d 115, 117 (10th Cir. 1982) (holding that retroactive promotion is warranted only if the Court has found that the particular plaintiff would have received the promotion in the absence of unlawful discrimination).

I believe *Dougherty* provides a suitable model for resolving the present case. While it was

4

shown at trial that Defendant had discriminated against Mr. Medina and Defendant now stipulates that it is bound by those findings with respect to Mr. Garay, it is still clear that, even in the absence of discrimination, both Mr. Garay and Mr. Medina could not have been selected for the position.  Therefore I find that only one party is entitled to front pay or promotion and that joinder is now appropriate.  I reserve the issue of back pay until the hearing.

The Court is well aware of its previous ruling denying Defendant's Motion to Consolidate Mr. Medina's case with that of Mr. Garay.  [*See* Docket #98]  Defendant's Motion was denied in that instance largely because Mr. Medina's case was only one week away from trial and because of concerns that information would become stale if the trial were delayed to allow for discovery in Mr. Garay's case.  At this point however, there has been a finding of discrimination against Mr. Medina and Defendant is willing to stipulate that that finding is binding on it as to Mr. Garay.  [*See* Trans. 4-5; 02/22/2006]

Mr. Garay appeared through counsel at the February 22, 2006 hearing and indicated at that time, and in a brief filed in this matter [Docket #108], that he had no objection to joinder under FED. R. CIV. P. 20(a) in the event Defendant stipulated to liability.  [Tr. 4-5]  Defendant has effectively so stipulated and I believe joinder is appropriate pursuant to Rule 20(a).  The rule allows for joinder in the event that plaintiffs "assert any right to relief . . . arising out of the same transaction [or] occurrence."  Rule 20(a) goes on to instruct that "A plaintiff . . . need not be interested in obtaining . . . all the relief demanded.  Judgment may be given for one or more of the plaintiffs according to their respective rights to relief."  FED. R. CIV. P. 20(a).

**REMAND TO AGENCY**

In its Motion to Join Andrus Garay, Defendant also asks this Court to remand the matter

to the Army for a new selection between Mr. Garay and Mr. Medina. Defendant argues that White Sands Missile Range ("WSMR") is in the best position to evaluate the relative merits of each candidate and reminds the Court that it is not to "act as a super-personnel department second-guessing an employer's business judgments." *Jaramillo v. Colorado Judicial Dep't*, 427 F.3d 1303, 1308-09 (10th Cir. 2005).

This Court is well aware of its duty to refrain from acting as a super-personnel department and stated its intention not to do so on several occasions during Mr. Medina's trial. However, it is apparent that remand of this matter to WSMR is inappropriate for at least two reasons. First, there has already been a finding that WSMR engaged in prohibited age discrimination against Mr. Medina and Mr. Garay. As such, WSMR has shown itself to be biased and I am not convinced it is suited to render a decision in this matter. Second, it is apparent from consideration of numerous cases brought under Title VII that the district court is the appropriate entity to make a determination as to which party would have been selected for promotion absent discrimination. *See Teamsters*, 431 U.S. at 371-72, 97 S.Ct. at 1873; *see also Dougherty*, 869 F.2d at 614-15; *see also Pitre*, 843 F.2d at 1274 ("the *court* can evaluate each victim of discrimination individually and adopt a remedy")(emphasis added). As such, the Court will retain jurisdiction over the remedies portion of this case and Defendant's Motion to Remand is **DENIED.**

Given these rulings however, I am concerned that the remedies I have suggested will not properly serve the statutory purpose of preventing future discrimination. *See Albemarle*, 422 U.S. at 418, 95 S.Ct. at 2372. Requiring Defendant to compensate only one Plaintiff when there has been a finding of discrimination against two does not appear to me to adequately deter the conduct in question. In the event I were allowed to award compensatory damages to both

plaintiffs, I would consider such an option.  However, such remedies are not available under the ADEA.  *See Comm'r of Internal Revenue v. Schleier*, 515 U.S. 323, 326, 115 S.Ct. 2159, 2162, 132 L.Ed.2d 294 (1995).  In order to reach an equitable result, I have determined that both plaintiffs shall receive full attorney's fees and costs irrespective of which Plaintiff is shown to be the superior candidate for promotion.  I reserve the issue of back pay and how it might be awarded until after the hearing on the promotion issue.

**WHEREFORE,**

**IT IS ORDERED** that, the Court having found that joinder is appropriate under Rule 20(a),  Defendant's Motion to Join this case with *Garay v. Dep't of the Army*; 05cv1256 JP/LFG is **GRANTED**.  The two cases are hereby consolidated for a determination of remedies.

**IT IS FURTHER ORDERED** that the files of this action shall be maintained in one file under Master file No. CIV 04-1236 LCS.  The caption of this action shall read as follows:

**RICARDO MEDINA,**
**v.**                                                       **No. CIV 04-1236 LCS/KBM**
**DR. FRANCIS J. HARVEY, Secretary,**
**DEPARTMENT OF THE ARMY,**

**and**

**ANDRUS GARAY,**
**v.**                                                       **No. CIV 05-1256 JP/LFG**
**DR. FRANCIS J. HARVEY, Secretary,**
**DEPARTMENT OF THE ARMY**

**IT IS FURTHER ORDERED** that Defendant's Motion to Remand this matter to White Sands Missile Range is **DENIED**.

**IT IS FURTHER ORDERED** that this matter shall come before the Court for a hearing to determine which of the Plaintiffs would have been promoted absent the unlawful discrimination

7

and therefore, which Plaintiff is entitled to damages and promotion.  The date for this hearing will be determined at a later time.

**IT IS FURTHER ORDERED** that, prior to the damages hearing the parties, including Mr. Garay, will be allowed a period of discovery.  A Telephonic Status Conference is set for **Friday, March 24, 2006** at **10:30a.m.** at **(505) 528-1460** to determine the appropriate scope and length of the discovery period.  Counsel for Defendant shall coordinate and initiate the call.  A long distance carrier is recommended to ensure sound quality.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike or in the alternative to File a Surreply [Docket #110] and Plaintiff Andrus Garay's Motion to Strike or to File a Surreply [Docket #111] filed March 8, 2006 are **DENIED AS MOOT**.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**